IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CART SOURCE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| GATEKEEPER SYSTEMS, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, CART SOURCE LLC ("Plaintiff" or "Cart Source"), by and through undersigned counsel, hereby files its Complaint for Patent Infringement against Defendant, GATEKEEPER SYSTEMS, INC. ("Defendant" or "Gatekeeper"), and, in support thereof, alleges as follows:

## JURISDICTION, VENUE, AND THE PARTIES

1. This is an action brought pursuant to the Patent Laws of the United States, 35 U.S.C. § 271, *et seq.*

2. This Court has original jurisdiction pursuant to Tile 28, United States Code, Sections 1331 and 1338, as this case involves patent infringement and federal questions arising under the constitution, laws, or treaties of the United States.

3. Cart Source is a Florida limited liability company with a principal place of business in Jacksonville, Florida.

4. Defendant is a Delaware corporation with a principal place of business in Foothill Ranch, California.

5. This action arises as a result of Defendant's infringing conduct, which implicates interstate commerce.

6.      Venue is proper in the district of Delaware pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant "resides" in this judicial district, as the term "reside" is interpreted under Chapter 87 of the United States Code, and because a substantial part of the events giving rise to the infringement claims at issue occurred within this judicial district. Venue is also appropriate pursuant to 28 U.S.C. § 1400(b), which provides, in part, that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides."

7.      All conditions precedent have been met, waived, and/or satisfied to bring this lawsuit.

## GENERAL ALLEGATIONS
## CART SOURCE AND ITS INNOVATIVE PRODUCT

8.      Cart Source is a Florida based company, owner of the CART SOURCE trademark, and uses said mark to market and sell its goods and services throughout the United States.

9.      Moreover, Cart Source is a well-established and highly regarded manufacturer and source of shopping carts, shopping equipment, and shopping cart related services that are designed to enhance customer experiences, streamline operations, and support its clients' business goals.

10.     As a leader in this space, Cart Source has dedicated itself to the innovation, development, testing, and perfection of a revolutionary caster anti-tilt device.

11.     To this end, Cart Source has been researching and developing cutting-edge and proprietary technology in the field of shopping cart safety and security, and has become a trusted partner to retail stores, big box chains, distribution centers, and warehouses across North America. After much time, energy, and expense, Cart Source's vision was fulfilled in the form of its proprietary caster anti-tilt bar.

12.     Specifically, the inventive anti-tilt caster device significantly improves the safety and security of retail shopping carts by providing a mechanism to prohibit the shopping cart from

flipping backwards onto the shopper, and which also reduces shopping cart theft by preventing the shopping cart from being tilted backwards once a shopping carts' locking wheel is engaged after being moved outside of the designated retail area.

13. In recognition of this innovative device, the United States Patent and Trademark Office ("USPTO") issued U.S. Pat. No. 11,673,427 ("the '427 Patent" or "Asserted Patent") to Cart Source on June 13, 2023. A true and correct copy of the '427 Patent is attached hereto as **Exhibit 1** and incorporated by reference.

14. At the backbone of Cart Source's success is its core philosophy: advancing quality, service, and sustainability while upholding its core values of diversity and innovation.

15. With its customers and clients ranging from big box retailers and chains to local neighborhood shops, Cart Source remains committed to continuously providing its innovative goods to all those who value quality and cutting-edge technology.

## CART SOURCE'S INTELLECTUAL PROPERTY

16. Cart Source is the owner of the '427 Patent by way of assignment from the inventors.

17. As such, Cart Source has the exclusive right to, *inter alia*, collect revenues and profits derived from the '427 Patent, to exclude others from making, using, offering for sale, selling, or importing into the United States any goods that practice the '427 Patent, as well as controlling all aspects of licensing the aforementioned rights.

18. The '427 Patent is directed to a caster anti-tilt device that includes flanges which prevent the anti-tilt device from rotating once installed onto the caster wheel by grasping the caster wheel face plates. Further, once the anti-tilt device is installed on a shopping cart caster wheel, the device prohibits the shopping cart from being tilted backwards past a certain angle.

19.     To inform others of its patent rights, Cart Source complies with 35 U.S.C. § 287.

## DEFENDANT'S INFRINGEMENT OF THE '427 PATENT

20.     As advertised on its website located at https://www.gatekeepersystems.com/, Defendant is in the business of shopping cart safety and security that offers loss prevention and cart containment solutions that allegedly improve safety and minimize merchandise loss.

21.     Specifically, in connection with its loss prevention and cart containment solutions, Defendant offers a caster anti-tilt device and/or shopping carts fitted with caster anti-tilt devices which prevent shopping carts from being tilted backwards past a certain angle (the "Accused Device") while utilizing flanges to prevent rotation of the Accused Device once installed onto a caster wheel.

22.     Upon information and belief, Defendant developed the Accused Device only after viewing and photographing Cart Source's patented anti-tilt bar.

23.     For instance, on or around September 22, 2022, Defendant sent a representative to meet with a Cart Source representative to solve an issue related to Defendant's locking smart wheel as deployed on the carts of a mutual customer that also utilized Cart Source's anti-tilt bar on the same carts.

24.     During the meeting, upon information and belief, Defendants representative noticed Cart Source's anti-tilt bar, inquired about the design of the bar and the flanges that prevent rotation once installed, and indicated that Defendant's own anti-tilt bar did not have flanges and would loosen over time, causing the bar to move and become ineffective.

25.     At the meeting, Defendants representative was informed that Cart Source's anti-tilt bar was subject to a pending patent application.

4

26.      Additionally, Defendant's representative took photographs of Cart Source's anti-tilt bar, and Cart Source offered to supply Defendant with Cart Source's anti-tilt bar.

27.      Upon information and belief, Defendant began manufacturing the Accused Device, using information gained by Defendant's representative, in attempt to undercut Cart Source, and divert customers and potential customers.

28.      Defendant's goal succeeded, as Plaintiff has now identified the Accused Device at multiple retail and big box chains that operate throughout the United States, including Home Depot.

29.      Moreover, and upon information and belief, Defendant is able to undercut Plaintiff's price for Plaintiff's patented caster anti-tilt device because Defendant was able to avoid the substantial expense expended in research and development of the patented technology.

30.      As a result of Defendant's manufacture, use, offers to sell, sales, and importation of the Accused Device, Defendant has infringed and continues to infringe upon at least one claim of the '427 Patent pursuant to 35 U.S.C. §271(a).

31.      Upon information and belief, Defendant actively induces others to make, use, sell, offer for sale, or import the Accused Device, in violation of 35 U.S.C. §271(b) when it provides the Accused Devices in connection with its cart management and loss prevention services.

32.      Upon information and belief, Defendant sells or imports the Accused Device into the United States knowing the same to be specially made and especially adapted for use as a caster anti-tilt device that infringes at least one claim of the '427 Patent, and which has no substantial non-infringing use.

## THE '427 PATENT

33.    On June 13, 2023, the USPTO issued the '427 Patent, entitled *Caster Anti-Tilt Device*. *See Exhibit 1*.

34.    The '427 Patent describes a caster anti-tilt device whereby the anti-tilt device is installed onto the shopping cart's rear casters by using the bolt that attaches the wheel to the caster. Once installed, the device extends backwards at a slight downward angle away from the installation point, eventually leveling off to run substantially parallel with the ground. The device then partially encloses around the backside of the rear wheel by wrapping around the backside of the wheel while leaving enough space for the wheel to roll without interference. *See Exhibit 1*, 5:5–6:39.

35.    The '427 Patent includes one independent claim—Claim 1—which recites:

1. An anti-tilt device for a caster comprising a wheel, rotatably mounted in a frame, for rotation about a rotation axis, said anti-tilt device, comprising:
    first and second face plates;

    first and second flanges extending from opposing edges of said first face plate, each of the first and second flanges of the first face plate wrapping beside the first face plate for engagement with the frame;
    first and second flanges extending from opposing edges of said second face plate, each of the first and second flanges of the second face plate wrapping beside the second face plate for engagement with the frame;
    wherein the first and second flanges of the first face plate and the first and second flanges of the second face plate prevent rotation of the first and second face plates with respect to the caster frame;
    first and second legs extending from the first and second face plates, respectively;
    a bar, extending between the first and second legs across a tread face of said caster wheel when mounted to said frame, at a defined angle of the tread face, as measured from a vertical axis extending through said rotation axis, when said caster is level;
    wherein each of said first and second legs includes a defined bend to place said bar at said defined angle.

6

36. Defendant has willfully infringed at least Claim 1 of the '427 Patent in an effort to unlawfully and unfairly benefit from Cart Source's intellectual property.

37. Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 by marking its Caster Anti-Tilt Device and/or by virtue of the filing of this action.

38. Despite the foregoing, Defendant has failed to cease use of the Accused Device.

39. As such, Cart Source has been required to retain the undersigned counsel to pursue its interest in this matter, and is obligated to pay the undersigned counsel and law firm a reasonable attorney's fee for their services, and for any costs incurred in connection with said representation.

40. All conditions precedent have been met, waived, and/or satisfied to bring this lawsuit.

**COUNT ONE**
**DIRECT WILLFUL INFRINGEMENT OF THE '427 PATENT**

41. Plaintiff re-alleges and re-asserts Paragraphs One (1) through Forty (40) as if fully set forth herein.

42. Defendant has used and/or imported caster anti-tilt devices, including the Accused Device, that practice at least Claim 1 of the '427 Patent. Such unlawful conduct continues as of the filing of this Complaint. *See **Exhibit 1***.

43. Specifically, the Accused Device meets all limitations of at least Claim 1 of the '427 Patent.

44.     As more particularly set forth above, Claim 1 of the '427 Patent recites a "caster anti-tilt device" comprising "a wheel, rotatably mounted in a frame, for rotation about a rotation axis . . ."



45.     Continuing, the anti-tilt device "compris[es] first and second face plates . . ." as depicted below:

 

46.    Likewise, the anti-tilt device is comprised of "first and second flanges extending from opposing edges of said first face plate;" To this end, the Accused Device includes the required flanges extending from opposing edges of said first face plate.



47.    Claim 1 of the '427 Patent further requires "each of the first and second flanges of the second face plate wrapping beside the second face plate for engagement with the frame . . ."

 

48.    Moreover, the Accused Device contains the required "first and second flanges extending from opposing edges of said second face plate, each of the first and second flanges of the second face plate wrapping beside the second face plate for engagement with the frame;"

 

49.    The Accused Device further meets the claim language "wherein the first and second flanges of the first face plate and the first and second flanges of the second face plate prevent rotation of the first and second face plates with respect to the caster frame;"



50.    Claim 1 additionally requires "first and second legs extending from the first and second face plate, respectively;" as depicted below.



51.    Continuing, the Accused Device includes "a bar, extending between the first and second legs across a tread face of said caster wheel when mounted to said frame . . ."



10

52.     Claim 1 further requires that the Accused Device is mounted "at a defined angle of the tread face, as measured from a vertical axis extending through said rotation axis, when said caster is level;" as depicted below:

 

FIG. 1A

53.     Finally, the Accused Device requires that "each of said first and second legs includes a defined bend to place said bar at said defined angle." All of the foregoing elements are contained in the Accused Device manufactured, imported, offered for sale, and/or sold by Defendant, as shown below and otherwise herein.



54.     By manufacturing, importing, offering for sale, and/or selling in the United States the Accused Device, Defendant has infringed, and continues to infringe, at least Claim 1 of the '427 Patent literally, *and at an absolute minimum*, under the doctrine of equivalents.

55.     Defendant has knowledge of the '427 Patent at least by virtue of being explicitly informed of the patent-pending nature of Plaintiff's caster anti-tilt device.

56.     Further, Defendant has knowledge of the '427 Patent at least because Plaintiff consistently marked all of its anti-tilt bars with the '427 Patent number.

11

57.     Despite Defendant's knowledge of the '427 Patent and its infringing activities, Defendant has infringed, and continues to infringe, the '427 Patent by manufacturing, importing, offering for sale, and selling the Accused Device that practices at least Claim 1 of the '427 Patent.

58.     Defendant's willful and intentional infringement is without regard for Cart Source's patent rights and constitutes egregious conduct sufficient to establish willful infringement under 35 U.S.C. § 284.

59.     The ongoing and continuous infringement by Defendant entitles Cart Source to an injunction pursuant to 35 U.S.C. § 283, permanently enjoining Defendant and others within the scope of FED. R. CIV. P. 65, from further infringement of Cart Source's patent rights.

60.     Cart Source has suffered, and continues to suffer, damages due to Defendant's infringement of the '427 Patent, and Cart Source is thus entitled to compensation and other monetary relief to the extent allowed by law, including pursuant to 35 U.S.C. § 284.

**COUNT II**
**CONTRIBUTORY PATENT INFRINGEMENT OF THE '427 PATENT**

61.     Plaintiff re-alleges and re-asserts Paragraphs One (1) through Forty (40) as if fully set forth herein.

62.     Defendant has sold and imported into the United States the Accused Device, that practices at least Claim 1 of the '427 Patent. *See **Exhibit 1***. Such unlawful conduct continues as of the filing of this Complaint.

63.     Defendant provides the Accused Device to distributors and retailers around the United States.

64.     The Accused Device has no substantial non-infringing uses.

65.     As a result, Defendant's actions constitute contributory patent infringement under 35 U.S.C. § 271(c).

66.     As a direct and proximate result of Defendant's infringement of the '427 Patent, Cart Source has suffered, and continues to suffer, damages. As a result, Cart Source is entitled to recover damages from Defendant to compensate for such infringement in an amount to be determined at trial.

67.     The acts of infringement by Defendant have caused and will continue to cause irreparable injury to Cart Source, for which it has no adequate remedy at law, unless and until Defendant is enjoined from further infringement by this Court in accordance with 35 U.S.C. § 283. Considering the competitive relationship and balance of hardships between the parties at issue, a remedy in equity, such as a permanent injunction, is warranted and would be in the public interest.

68.     Cart Source has no adequate remedy at law.

**COUNT III**
**INDUCED PATENT INFRINGEMENT OF THE '427 PATENT**

69.     Plaintiff re-alleges and re-asserts Paragraphs One (1) through Forty (40) as if fully set forth herein.

70.     Defendant has made, used, sold, imported and/or offered for sale a caster anti-tilt bar to third-parties, including the Accused Device, that practices at least Claim 1 of the '427 Patent. *See Exhibit 1*. Such unlawful conduct continues as of the filing of this Complaint.

71.      Defendant provided the Accused Device in connection with its cart management and loss prevention systems, and provided its customers with instructions, directions, manuals, handbooks, or other such directives on how to use the Accused Device in a manner that infringes upon the '427 Patent.

72.     Defendant had direct knowledge of the '427 Patent at the time of its manufacture, import, sale, and/or offer for sale of the Accuse Device.

73. As a result, Defendant's actions constitute induced infringement under 35 U.S.C. § 271(b).

74. As a direct and proximate result of Defendant's induced infringement of the '427 Patent, Cart Source has suffered and continues to suffer damages. As a result, Cart Source is entitled to recover damages from Defendant to compensate for such infringement, in an amount to be determined at trial.

75. The acts of induced infringement by Defendant have caused and will continue to cause irreparable injury to Plaintiff, for which it has no adequate remedy at law, unless and until Defendant is enjoined from further infringement by the Court in accordance with 35 U.S.C. § 283. Considering the competitive relationship and balance of hardships between the parties at issue, a remedy in equity, such as a permanent injunction, is warranted and would be in the public interest.

76. Cart Source has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Cart Source LLC, respectfully requests this Court to enter judgment in its favor and against Defendant, Gatekeeper Systems, Inc., on all claims set forth, *supra*, and respectfully requests this Court to:

(a) Enter judgment that Defendant has infringed, and continues to infringe, at least one claim of the '427 Patent in violation of at least one of 35 U.S.C. § 271(a), literally, *and at an absolute minimum*, under the doctrine of equivalents;

(b) Enter judgment that Defendant has contributed to the infringement of, and continues to contribute to the infringement of, at least one claim of the '427 Patent in violation of at least one of 35 U.S.C. § 271(c), literally, *and at an absolute minimum*, under the doctrine of equivalents;

(c) Enter judgment that Defendant has induced infringement of, and continues to induce infringement of, at least one claim of the '427 Patent in violation of at least one of 35 U.S.C. § 271(b), literally, *and at an absolute minimum*, under the doctrine of equivalents;

(d) Award Cart Source all available and legally permissible damages and relief sufficient to compensate Cart Source for Defendant's infringement of the '427 Patent, but not less than a reasonable royalty, including to the full extent permitted by 35 U.S.C. § 284, together with costs, attorneys' fees and interest, in amounts to be determined at and, where appropriate, following trial;

(e) Declare Defendant's infringement of the '427 Patent to be willful and award Cart Source treble damages and attorneys' fees in accordance with 35 U.S.C. § 284;

(f) Immediately and permanently enjoin Defendant, under 35 U.S.C. § 283, from making, using, selling, offering for sale, and/or importing into the United States the Accused System, or inducing others to do the same;

(g) Declare this to be an exceptional case under 35 U.S.C. § 285 and award Cart Source its costs, expenses, attorneys' fees, and all other recoverable disbursements in this action; and

(h) Award Cart Source such other and further relief as may be permitted and is appropriate at law or in equity.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Cart Source LLC, hereby demands a trial by jury of all issues so triable as a matter of law pursuant to FED. R. CIV. P. 38(b).

15

Respectfully submitted,

/s/ Emily S. DiBenedetto
Karen E. Keller (No. 4489)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Plaintiff*

OF COUNSEL:
Peter A. Matos
Oliver A. Ruiz
W. John Eagan
Zac Davis
MALLOY & MALLOY, P.L.
2800 S.W. 3rd Avenue
Miami, FL 33129
(305) 858-8000

Dated: July 24, 2026

16